WYNN, Judge, dissenting.
For the reasons stated in In re L.W., ___ N.C.App. ___, ___, 623 S.E.2d 626, ___ (2006), I respectfully dissent.
Although the trial court did not terminate respondent's parental rights specifically under N.C. Gen.Stat. § 7B-1111(a)(6) (2005), "the issues that were present throughout the permanency planning reviews and that culminated in the termination order were intertwined in such a way as to obviate consideration of the termination order without concurrent consideration of the mental issues that were present." Id. at ___, 623 S.E.2d at 629. For instance, the trial court's order references respondent's non-compliance with her mental health treatments and respondent's hospitalization on 14 June 2004, based on her admission that she "took too many pills." The trial court's order further cites respondent's failure to enter a drug treatment program and respondent's eviction from her apartment for having a crack pipe in her home. In light of the trial court's emphasis and reliance on respondent's mental health issues and illegal drug usage, I would hold that the trial court erred in failing to conduct a hearing regarding the appointment of a guardian ad litem for respondent and grant a new hearing on the petition to terminate respondent's parental rights. I, therefore, respectfully dissent.